IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00978-BNB

RAY NUNN,

    Plaintiff,

v.

MILLER, Warden of Crowley County Corr & Fac,
RICK RAEMISCH, Executive Director of Colo Dept of Corrs [CDOC],
TOM CLEMENTS,
CORRECTIONS CORPORATION OF AMERICA,
PAUL FLORES, Unit Manager, Medical Services,
JENNIFER GRAHAM, Hearings Officer,
STEVEN LUNA, JR., Lt.,
PATRICK MEYERS, C/O,
PPMU MEDICAL MONITOR (CDOC), and
JOHN DOES,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Mr. Nunn is in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Canón City, Colorado. He has filed *pro se* a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting a deprivation of his constitutional rights. He has been granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

    The Court must construe the Complaint liberally because Mr. Nunn is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed

the complaint and has determined that it is deficient.  For the reasons discussed below, Mr. Nunn will be ordered to file an amended complaint.

Mr. Nunn complains of alleged misconduct by the Defendants that occurred while he was incarcerated at the Crowley County Correctional Facility. His allegations are disjointed and vague.  The Court discerns from the pleading that Plaintiff was housed in segregation between May 28 and July 10, 2013, "without a valid reason."  (ECF No. 1, at 4).  Mr. Nunn alleges that he suffers from seizures and has been under medical restrictions of "bottom bunk" and "bottom tier" since April 2003.  (*Id.* at 4).  However, Defendants Flores and Graham refused to comply with Plaintiff's medical restrictions after Plaintiff declined to take prescribed medications because of his religious beliefs.  Mr. Nunn appears to allege that he was placed in segregation as punishment.  Mr. Nunn claims that Defendants have violated his rights under the First, Eighth, and Fourteenth Amendments.  He seeks injunctive and monetary relief.

**A.  Rule 8 of the Federal Rules of Civil Procedure**

The amended complaint that Mr. Nunn will be directed to file must comply with the pleading requirements of Fed. R. Civ. P. 8.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain

(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Prolix, vague, or unintelligible pleadings violate Rule 8.

Plaintiff must allege the specific acts of each Defendant that allegedly violated his rights. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* In order for Mr. Nunn to state a claim in federal court, his "complaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Nunn must present his claim or claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that ***pro se*** pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**B. Personal Participation**

The Complaint is deficient because Mr. Nunn fails to allege the personal participation of each named Defendant in a violation of his constitutional rights. Plaintiff

does not allege any facts in the text of the Complaint to show how Defendants Corrections Corporation of America, Miller, Raemisch, Clements, Luna, Meyers, and PPMU Medical Monitor were involved in the alleged constitutional deprivations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Supervisory defendants such as Rick Raemisch, Tom Clements, and Michael Miller may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

In addition, Plaintiff identifies Defendants Kastelic and Reyes as Defendants on p. 3 of his Complaint but does not name these Defendants in the caption or allege facts in the text of the Complaint to show their personal involvement in the alleged constitutional deprivations.

**C. Plaintiff's Claims**

Mr. Nunn asserts claims based on alleged deprivations of his First, Eighth, and Fourteenth Amendment due process rights. Under the First Amendment, an inmate enjoys the right to free exercise of his sincerely held religious beliefs without governmental interference that is not justified by a legitimate governmental interest. *See Pell v. Procunier,* 417 U.S. 817, 822 (1974); *Turner v. Safley*, 482 U.S. 78 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).

The Eighth Amendment is violated by a prison official's deliberate indifference to an inmate's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

The Fourteenth Amendment Due Process Clause protects against governmental deprivations of life, liberty, or property. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."). "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221. State policies or regulations, however, may create a liberty interest in avoiding particular conditions of confinement when they "'impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* at 221-23 (quoting *Sandin v. Conner*, 515 U.S. 472,

484 (1995)); *see also Estate of DiMarco v. Wyo. Dep't of Corrs., Div. of Prisons*, 473 F.3d 1334, 1342 (10th Cir. 2007).

In sum, Mr. Nunn must allege specific facts in the amended complaint to show how each named Defendant violated one or more of his constitutional rights. Accordingly, it is

ORDERED that Plaintiff, Ray Nunn, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that Mr. Nunn shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Nunn fails to file an amended complaint that complies with this order within the time allowed, the Court may dismiss all or part of this action without further notice for the reasons discussed above.

DATED April 14, 2014, at Denver, Colorado.

> BY THE COURT:
>
> s/ Boyd N. Boland
> United States Magistrate Judge