IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00978-BNB

RAY NUNN,

    Plaintiff,

v.

MIKE MILLER, Warden of Crowley County Correctional Facility,
STATE OF COLORADO,
RICK RAEMISCH,
ROGER WERHOLZ,
TONY CAROCHI,
TOM CLEMENTS, in His or Her Official Capacity as Executive Director of the Colorado
    Department of Corrections, and in His or Her Individual Capacity,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Ray Nunn, is in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Canón City, Colorado. Mr. Nunn initiated this action by filing *pro se* a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting a deprivation of his constitutional rights. He has been granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

    On April 14, 2014, the Court reviewed the allegations of the Complaint and determined that they were deficient because it failed to comply with Fed. R. Civ. P. 8 and did not allege the personal participation of each named Defendant in an arguable deprivation of the Plaintiff's constitutional rights. The Court thus ordered Mr. Nunn to file an amended complaint, on the court-approved Prisoner Complaint form, within thirty (30) days of the April 14 Order. Plaintiff filed an Amended Complaint on April 14, 2014.

The Amended Complaint dismisses several of the Defendants named in the original Complaint and names additional Defendants.  On April 30, 2014, Mr. Nunn filed a Motion to Amend Complaint (ECF No. 9), again changing the names of the Defendants.

The Court must construe Mr. Nunn's filings liberally because he is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  See *Hall*, 935 F.2d at 1110.

Mr. Nunn will be directed to file a second amended complaint that includes all of his allegations against the Defendants and proposed Defendants.  An amended complaint supercedes and replaces the original and all other prior complaints.  *Mink v. Suthers*, 482 F.3d 1244 (10th Cir. 2007) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir.2000)); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir.1990) ("[A] pleading that has been amended under Rule 15(a) supersedes the pleading it modifies . . . . ") (internal quotation marks omitted).

Mr. Nunn's second amended complaint must comply with the pleading requirements of Fed. R. Civ. P. 8.  These requirements are set forth in detail in the April 14 Order.  In order for Mr. Nunn to state a claim in federal court, his "complaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Further, Mr. Nunn must allege specific facts to show the personal participation of each named Defendant in a violation of his constitutional rights.  See *Bennett v. Passic*,

545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Supervisory defendants may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Finally, in the second amended complaint, Mr. Nunn must allege sufficient facts to show the arguable violation of one or more of his constitutional rights, as discussed in the April 14 Order. Accordingly, it is

ORDERED that Plaintiff's Motion to Amend Complaint (ECF No. 9), filed on April 30, 2014, is GRANTED. It is

FURTHER ORDERED that Plaintiff, Ray Nunn, file **within thirty (30) days from the date of this order,** a second amended complaint, on the court-approved Prisoner Complaint form, that complies with the directives in this order. It is

3

FURTHER ORDERED that Mr. Nunn shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Nunn fails to file a second amended complaint that complies with this order within the time allowed, the Court may dismiss all or part of this action without further notice for the reasons discussed in this Order and in the April 14, 2014 Order.

DATED May 6, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge