IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00978-BNB

RAY NUNN,

    Plaintiff,

v.

CORRECTION CORPORATION OF AMERICA [CCA],
CROWLEY COUNTY CORRECTIONAL FACILITY [CCCF/CCA],
MIKE MILLER, Warden,
KASTELIC, Captain, CCCF/CCA,
LUNA, Lt., CCCF/CCA,
MRS. GRAHAM, Medical, CCCF/CCA,
COLORADO DEPARTMENT OF CORRECTIONS [CDOC/PPMU], and
PRIVATE PRISON MONITOR UNIT,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE

---

    Plaintiff, Ray Nunn, is in the custody of the Colorado Department of Corrections and is incarcerated presently at the Fremont Correctional Facility in Canón City, Colorado. Mr. Nunn initiated this action by filing *pro se* a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting that he was deprived of his constitutional rights while he was incarcerated at the Crowley County Correctional Facility (CCCF). He has been granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

    On April 14, 2014, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient because it failed to comply with Fed. R. Civ. P. 8 and did not allege the personal participation of each named Defendant in an arguable

deprivation of the Plaintiff's constitutional rights.  The Court thus ordered Mr. Nunn to file an amended complaint, on the court-approved Prisoner Complaint form, within thirty (30) days of the April 14 Order.  Plaintiff, unaware of the Court's order, filed an Amended Complaint the same day.  (ECF No. 8).  The Amended Complaint dismisses several of the Defendants named in the original Complaint and names additional Defendants.  On April 30, 2014, Mr. Nunn filed a Motion to Amend Complaint (ECF No. 9), again changing the names of the Defendants.

On May 6, 2014, Magistrate Judge Boland directed Mr. Nunn to file a Second Amended Complaint that included all of his allegations against all proposed Defendants.  Magistrate Judge Boland  reminded Plaintiff that an amended complaint supercedes and replaces the original and all other prior complaints.  *Mink v. Suthers*, 482 F.3d 1244 (10th Cir. 2007) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir.2000)); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir.1990) ("[A] pleading that has been amended under Rule 15(a) supersedes the pleading it modifies . . . .") (internal quotation marks omitted).  Mr. Nunn filed a Second Amended Complaint on May 21, 2014.  (ECF No. 11).

Mr. Nunn has been granted leave to proceed pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915.  Pursuant to § 1915(e)(2)(B)(I), the Court must dismiss the action if Mr. Nunn's claims are frivolous or malicious.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Subsection (e)(2)(B)(iii) of § 1915 requires a court to dismiss at any time an action that seeks monetary relief against a defendant who is immune from

such relief.

The Court must construe Mr. Nunn's Second Amended Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Second Amended Complaint will be dismissed, in part.

Mr. Nunn alleges in the Second Amended Complaint that Defendant Graham, a member of the medical staff at CCCF, denied Plaintiff his medically-required restrictions. Specifically, Defendant Graham told hearing officer Luna that because Plaintiff refused to take his medications as a result of his religious beliefs, he was no longer on "bottom bunk, bottom tier" medical restriction. Mr. Nunn alleges that Defendant Luna convicted him of an unspecified disciplinary charge, which resulted in 43 days of punitive segregation. Plaintiff further alleges that Defendant Luna refused to allow him to present medical records evidence showing his history of medical restrictions at the prison disciplinary proceeding. Following his time in punitive segregation, Mr. Nunn was transferred to Fremont Correctional Facility where the medical department confirmed that Plaintiff had been under medical restrictions from April 2003 to February 2014. Mr. Nunn alleges that he grieved the removal of his medical restrictions to Defendant Captain Kastelic, who failed to take appropriate remedial action. Plaintiff asserts that Defendants Warden Miller, the CDOC/PPMU, Private Prison Monitor Unit, Correction Corporation of America (CCA), and CCCF, were notified of the alleged constitutional deprivations in letters, but they failed to correct

them.  Mr. Nunn seeks equitable and monetary relief.

Mr. Nunn's § 1983 claims against the CDOC and the [CDOC] Private Prison Monitor Unit are barred by the Eleventh Amendment. Eleventh Amendment immunity extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought. *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007).  The CDOC is an agency of Colorado that is entitled to Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044–45 (10th Cir. 1988).  Congress did not abrogate Eleventh Amendment immunity through Section 1983.  *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).  The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought.  *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).  Accordingly, the CDOC and the [CDOC] Private Prison Monitoring Unit are improper parties to this action and will be dismissed.

Next, Mr. Nunn has failed to allege sufficient facts to show the personal participation of Defendants Miller, Kastelic, CCA (a private corporation that contracts with the State of Colorado), and CCCF,[1] in a deprivation of his constitutional rights. Magistrate Judge Boland warned Mr. Nunn in the April 14 and May 6 Orders that he must allege specific facts to show the personal participation of each named Defendant in a violation of his constitutional rights.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an

---

[1]CCCF is a private facility owned by CCA.  See www.doc.state.co.us/facility/cccf-crowley-county-correctional-facility. The Court assumes, for purposes of this Order, that Defendants CCA and CCCF are state actors.  *See Craft v. Middleton*, No. 12-6245, 524 F. App'x 395, 397 n. 3 (10th Cir. April 12, 2013) (unpublished) (citing *Marsh v. Newton*, 1998 WL 39235, at *4 (10th Cir. Jan. 30, 1998) (unpublished)).

affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  Supervisory defendants may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Mr. Nunn cannot maintain claims against Defendants Miller, Kastelic, CCA, and CCCF on the basis that they denied his grievances or ignored his letters advising them of a perceived constitutional deprivation.  The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").  Because Mr. Nunn fails to allege specific facts to show that Defendants Miller, Kastelic, CCA, and

CCCF were personally involved in a deprivation of his constitutional rights, those Defendants are improper parties to this action and will be dismissed.

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that Mr. Nunn's claims against Defendants Graham and Luna do not appear to be appropriate for summary dismissal and that the case should be drawn to a presiding judge, and, if appropriate, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that Defendants CDOC [CDOC/PPMU] and the Private Prison Monitoring Unit are DISMISSED from this action based on Eleventh Amendment immunity. It is

FURTHER ORDERED that Defendants CCA, CCCF, Miller, and Kastelic are DISMISSED from this action for Plaintiff's failure to allege their personal participation in the alleged constitutional deprivations. It is

FURTHER ORDERED that Plaintiff's claims against Defendants Graham and Luna shall be drawn to a presiding judge and, if appropriate, to a magistrate judge, pursuant to D.C.COLO.LCivR 40.1(a).

DATED at Denver, Colorado, this  10th  day of    June    , 2014.

BY THE COURT:

   s/Lewis T. Babcock    
LEWIS T. BABCOCK, Senior Judge
United States District Court