IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 14-cv-00978-RBJ-CBS

RAY NUNN,

        Plaintiff,

v.

LT. LUNA, and
MRS. GRAHAM,

        Defendants.

---

**RECOMMENDATION REGARDING
MOTIONS FOR SUMMARY JUDGMENT**

---

Magistrate Judge Shaffer

    This matter comes before the court on Defendants Graham and Luna's Motion for Summary Judgment. (Doc. 56). Also before the court is Plaintiff Ray Nunn's Motion for Summary Judgement. (Doc. 55). These motions were referred to the Magistrate Judge by Order of Reference dated July 15, 2015. (Doc. 60). For the following reasons, the court recommends that Defendants' Motion for Summary Judgment be granted, and that Plaintiff's Motion for Summary Judgment be denied.

**BACKGROUND**

    Plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to 42 U.S.C. § 1983. While Plaintiff was housed at the Crowley County Correctional Facility[1], he was in a fight and

---

[1] Plaintiff has since been transferred to Fremont Correctional Facility.

convicted of a Code of Penal Discipline ("COPD") violation for fighting.[2] (*Disposition of Charge*, Doc. 56-2). After his release from administrative segregation, Plaintiff was informed that his new housing assignment was for a top bunk/top tier cell. (*Nunn Deposition*, Doc. 56-1 at 6[3]). Plaintiff refused his assignment based on an alleged medical restriction and was sent back to administrative segregation. (*Id*. at 6-7). On the day he was to be released from segregation, Plaintiff was again told that he would be housed in a top bunk/top tier cell, which he again refused. (*Id*. at 8). Based on these refusals, Plaintiff was charged and convicted of two separate COPD counts of disobeying a lawful order. (*See Disposition of Charges*, Doc. 56-3 and Doc. 56-4). In addition to being sentenced to administrative segregation, (*id*.; *see also Nunn Deposition*, Doc. 56-1 at 6-7), Plaintiff lost an unspecified amount of good-time credits. (*Nunn Deposition*, Doc 56-1 at 17, 21); *see also Plaintiff's Response*, Doc. 58 at 2). Thereafter, Plaintiff challenged these convictions in the Crowley County District Court. (*Order*, Doc. 56-5). His convictions were upheld, (*id*.), and he did not appeal the decision to the Colorado Court of Appeals. (*Nunn Deposition*, Doc. 56-1 at 21).

On April 4, 2014, Plaintiff initiated this § 1983 action alleging that the procedures and testimony used in his disciplinary proceedings violated his First, Eighth, and Fourteenth Amendment rights.[4] His Second Amended Complaint ("Complaint") seeks declaratory and injunctive relief regarding the alleged illegality of the disciplinary proceedings, compensatory and punitive damages, and any other relief that the court deems just and proper. (Doc. 11 at 12-13). Defendants Graham and Luna argue, *inter alia*, that Plaintiff's claims are barred by his failure to first obtain a favorable termination of his COPD convictions. (Doc. 56 at 5-6).

---

[2] Plaintiff does not challenge the propriety of this conviction. (*See* Doc. 55 at 1).

[3] The court cites to the docket page number of the exhibit, as opposed to the transcript page number.

[4] Plaintiff's Second Amended Complaint originally named five additional defendants. However, those defendants and the respective claims against them were dismissed as legally frivolous. (Doc. 13).

**STANDARD OF REVIEW**

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Henderson v. Inter–Chem Coal Co., Inc.,* 41 F.3d 567, 569 (10th Cir. 1994). "[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014) (quoting *Anderson v. Liberty Lobby,* 477 U.S. 242, 249 (1986)). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law. *Anderson,* 477 U.S. at 248–49; *Stone v. Autoliv ASP, Inc.,* 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Service,* 812 F.2d 621, 623 (10th Cir. 1987). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson,* 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat. Bank of Ariz. v. Cities Service Com*, 391 U.S. 253, 289 (1968)).

**ANALYSIS**

In his Complaint, Plaintiff challenges the actions of Defendants Luna and Graham with regard to his disciplinary proceedings and the resultant administrative segregation sentences. Specifically, Plaintiff contends that Defendant Luna improperly prevented him from presenting evidence during his disciplinary hearing. (Doc. 11 at 7). He also contends that Defendant

Graham — in violation of Plaintiff's due process, First Amendment, and Eighth Amendment rights — erroneously testified at the hearing that Plaintiff did not have any medical restrictions. (*Id*. at 8).

Defendants aver that prior to bringing this action, Plaintiff was required by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), to first obtain a favorable termination of his COPD convictions. (Doc. 56 at 5-6). In *Heck*, a state prisoner brought a civil rights action pursuant to § 1983. The prisoner claimed that state and county officials had violated his constitutional rights and he sought damages for alleged improprieties that led to his arrest and ultimate conviction. The Supreme Court affirmed the dismissal of the prisoner's complaint and held that:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under 1983.

*Heck*, 512 U.S. at 486 (emphasis in original). This holding has been directly applied to prison disciplinary convictions that deprive a prisoner of good-time credits. *See Edwards v. Balisok*, 520 U.S. 641 (1997). In *Edwards*, the Court held that a prisoner's claims for damages and declaratory relief — arising out of the procedures used to deprive him of good-time credits — were not cognizable under § 1983 unless the prisoner could demonstrate that the underlying disciplinary conviction and sentence had been invalidated. *Id*. at 648.

In his response to Defendants' Motion, Plaintiff contends that the favorable termination requirement imposed by *Heck* does not apply to his claims because he is not seeking the

restoration of his good-time credits.[5] (Doc. 58 at 2). Technically, that is true. In his Complaint, Plaintiff makes no reference to the loss of good-time credits, instead focusing his allegations on the allegedly illegal administrative segregation sentences. (Doc. 11). However, in seeking damages, Plaintiff claims that his disciplinary convictions were obtained in violation of his constitutional rights. This argument, if established, necessarily implies the invalidity of the disciplinary findings whereby Plaintiff lost his good-time credits. Such a result would — whether Plaintiff specifically seeks it or not — necessarily affect the length of Plaintiff's prisoner term because he would become entitled to the restoration of those good-time credits. *See Edwards*, 520 U.S. at 645-48 (a challenge to disciplinary proceeding procedures was not cognizable under § 1983 where the defect would, if established, necessarily imply the invalidity of the deprivation of good-time credits).

Furthermore, Plaintiff's singular focus on whether he is seeking good-time credits misinterprets the applicability of *Heck*. In *Muhammed v. Close*, 540 U.S. 749 (2004), the Supreme Court held *Heck* is inapplicable only when a prisoner's § 1983 suit does not threaten his "*conviction* or the duration of his sentence." *Id.* at 751 (emphasis added). In *Butler v. Compton*, 482 F.3d 1277 (10th Cir. 2007), the Tenth Circuit held that the conviction that matters under *Muhammad* and *Heck* is the conviction tied "to the conduct alleged in the § 1983 action." *Id.* at 1280. Here, even if Plaintiff's § 1983 action did not threaten the duration of his underlying sentence, which it does, it clearly threatens the validity of his disciplinary convictions.

Plaintiff does not offer any evidence that his disciplinary convictions have been invalidated. Indeed, they were upheld by the Crowley County District Court. (*Order*, Doc. 56-5). Therefore, Plaintiff's claims for damages and declaratory relief are barred by *Edwards* and *Heck*

---

[5] Plaintiff does not offer any evidence to dispute the loss of good-time credits. Indeed, Plaintiff did not submit any evidence with his Response.

and should be dismissed without prejudice.[6] *See Heck*, 512 U.S. at 487; *Edwards*, 520 U.S. at 648; *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996) ("When a § 1983 claim is dismissed under Heck, the dismissal should be without prejudice.").

## CONCLUSION

WHEREFORE, for the foregoing reasons, the court RECOMMENDS that Defendants' Motion for Summary Judgment [Doc. 56] be GRANTED and that this case be dismissed without prejudice. Consequently, it is FURTHER RECOMMENDED that Plaintiff's Motion for Summary Judgment [Doc. 55] be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. Once Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar de novo review by the district court of the magistrate judge's proposed findings and recommendations and will result in waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

---

[6] To the extent that Plaintiff should seek restoration of his good-time credits, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973).

decision to review a magistrate judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve the issue for *de novo* review by the district court or appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 5th day of January, 2016.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge